We need not argue the possibilities of harm to the accused from this. Practically the same question was before this court in Bullington v. State, 78 Tex.Cr.R. 187, 180 S.W. 679; Vick v. State, 71 Tex. Cr. R. 50, 159 S.W. 50; Emerson v. State, 99 Tex.Cr.R. 655, 271 S.W. 609; Faulkner v. State, 80 Tex.Cr.R. 341, 189 S.W. 1077; Lasater v. State, 88 Tex.Cr.R. 452, 227 S. W. 949; Harmon v. State, 119 Tex.Cr.R. 426, 45 S.W.(2d) 583; Stinson v. State, 120 Tex.Cr.R. 456, 49 S.W.(2d) 468; Wells v. State, 123 Tex.Cr.R. 364, 59 S. W.(2d) 124. In all these cases and others we have held that action such as is above related is harmfully erroneous. We very much regret the necessity of a reversal upon such ground, but are constrained to follow the precedents.

There is a question of misconduct of the jury which we do not discuss at any length, but again call attention to the fact that when such question is raised in a motion for new trial, if its determination involves the knowledge of other parties beside the members of the jury, care should be exercised to bring before the court, upon the hearing of such motion, all available witnesses, especially all those persons other than jurors who may be parties to or have knowledge of the alleged misconduct, and when such outside parties are not so used, their absence should be accounted for.

Appellant also raises the question of the admission of the testimony of Clint Anderson et al., who testified that appellant did not make any statement in their presences to the effect that his shooting of deceased was accidental. Anderson was with witness Smith, above mentioned. The authorities cited by appellant upon this proposition have application only to the question of the silence of the accused in the face of charges of crime either by word of mouth or circumstances—such as would reasonably call for a denial by him if not true. Appellant having introduced Jim Smith to testify to a statement made by the appellant, as above stated, presumably admitted under the res gestæ rule, to the effect that the shooting was accidental, the state would have the right to rebut this by proof that appellant made no such statement, by any witness who had cognizance of such facts.

For the reason above mentioned, the judgment of the trial court is reversed and the cause remanded.

MORROW, P. J., absent.

## STRONG v. STATE.

### No. 18152.

Court of Criminal Appeals of Texas.

April 8, 1936.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is burglary; the punishment, confinement in the penitentiary for five years.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

MORROW, P. J., absent.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.